IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| DANIEL LEE BLEVINS | PLAINTIFF |
| v. Civil No. 2:18-CV-02020 | |
| LT. CUPP and SHERIFF RON BROWN | DEFENDANTS |

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on February 1, 2018. (ECF No. 1). He was directed to file an Amended Complaint, and did so on February 20, 2018. (ECF No. 7). He alleges his constitutional rights were violated when he was incarcerated in the Crawford County Detention Center. (ECF No. 1, 7). Plaintiff alleges that on August 17, 2017, Defendants opened his legal mail without Plaintiff being present. Plaintiff alleges they cut open the envelope, put scotch tape over the postmark, and "told me the sender done it." (ECF No. 7 at 4).

Plaintiff proceeds against all Defendants in their official capacities only. (ECF No. 7 at 4). Plaintiff did not indicate what damages he seeks. (ECF No. 7 at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

1

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff failed to state any plausible official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

2

Here, Plaintiff failed to allege that his rights were violated by a custom or policy of Crawford County, and the Court can infer none from a single incident of opened mail. He therefore failed to state a plausible official capacity claim.

If Plaintiff had intended to state a personal capacity claim, his Complaint also failed to state a plausible personal capacity claim. The Eighth Circuit has

> never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action. Rather, we agree with other circuits that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation."

*Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Further, "[t]o assert a successful claim for denial of meaningful access to the courts ... an inmate must demonstrate that he suffered prejudice." *Id*. Here Plaintiff has alleged a single incident of his mail being opened, and that Defendants told him the mail arrived at the facility in that condition. Plaintiff provided no allegation as to the contents of his legal mail, the existence of improper motive, or any resultant prejudice to his case. Plaintiff therefore failed to state a plausible personal capacity claim.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 2nd day of March 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE